

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2005

# McAllister v. Alghny Cty Family

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3197

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McAllister v. Alghny Cty Family" (2005). *2005 Decisions.* Paper 1331.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1331

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3197
_____

LENNY MCALLISTER,
Appellant

v.

ALLEGHENY COUNTY FAMILY DIVISION;
MICHAEL A. DELLA VECCHIA, JUDGE;
KIM EATON, JUDGE; DENISE BUTIFINI

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
District Judge: Honorable Thomas M. Hardiman
(D.C. Civ. No. 04-cv-00445)

_____

Submitted Under Third Circuit LAR 34.1(a)
APRIL 19, 2005

Before:   SLOVITER, BARRY AND FISHER, <u>Circuit Judges</u>.

(Filed: April 20, 2005)

_____

OPINION

_____


PER CURIAM.

Appellant, Lenny McAllister, commenced this pro se action in the United States

District Court for the Western District of Pennsylvania, naming as defendants the Family

Division of the Allegheny County, Pennsylvania, Court of Common Pleas; Judges Della Vecchia and Eaton of that Court; and Denise Bufalini, a Court Domestic Relations Officer for Custody Conciliation. The crux of McAllister's Complaint is that the defendants violated his federal constitutional rights through various actions taken and orders entered in a child-custody litigation between McAllister and his ex-wife. McAllister sought damages.

Defendant Bufalini filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). By Order entered July 1, 2004, the District Court granted Bufalini's motion, and also dismissed the claims as to the remaining defendants sua sponte. The District Court concluded that abstention was warranted under Younger v. Harris, 401 U.S. 37 (1977), insofar as the child-custody litigation remained on-going. The District Court concluded, moreover, that it lacked jurisdiction pursuant to the Rooker-Feldman doctrine, as the issues presented are "inextricably intertwined" with the state court adjudication.[1] Finally, the District Court determined that even if it had jurisdiction, the defendants are entitled to a finding of absolute judicial immunity.

McAllister timely filed this appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Because we find no error in the dismissal under Rooker-Feldman, we do not reach the District Court's alternative rulings. Our review of a dismissal for want of jurisdiction under Rooker-Feldman is plenary. Gulla v. North Strabane Tp., 146 F.3d

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

168, 171 (3d Cir. 1998).

"[T]he fundamental principle of the Rooker-Feldman doctrine [is] that a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't, 973 F.2d 169, 179 (3d Cir. 1992). Here, although couched as an action against the named defendants for damages, McAllister plainly seeks to void or overturn adverse rulings entered in the child-custody litigation by the Allegheny County Court of Common Pleas. The Rooker-Feldman doctrine "prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). Stated another way, "Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." Id. at 422.

The relief McAllister seeks can only be predicated upon a finding that the state court has made incorrect factual and legal determinations in entering its orders. Indeed, McAllister's sole focus on this appeal is to challenge orders entered by the state court and to question that court's jurisdiction. Appellant's Br. at 2-4. As such, the District Court properly declined to exercise jurisdiction over McAllister's Complaint. Finally, we note that because Rooker-Feldman concerns a federal court's power to hear a case, the District Court properly raise the issue on its own motion. See, e.g., Johnson v. City of

3

Shorewood, Minnesota, 360 F.3d 810, 818 (8th Cir. 2004).

For these reasons, we will affirm the District Court's judgment.